IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

PEDRO PETE BENEVIDES,

    Petitioner,                                                CASE NO: 17-cv-01944-GAP-KRS

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPLY

**COMES NOW** Petitioner, Pedro Pete Benevides ("Benevides"), by and through undersigned counsel, and hereby submits this Reply. In support, Benevides states:

### Argument in Response

I. **Attorney Greene provided ineffective assistance of counsel by advising Benevides to stipulate to a forfeiture amount of $44 million.**

1. **Benevides' claim that Attorney Greene provided ineffective assistance of counsel by advising him to stipulate to a forfeiture amount of $44 million dollars is cognizable in a section 2255 proceeding.**

The Government argues that Benevides' claim is not cognizable because a challenge to a forfeiture money judgment is not cognizable in a section 2255 proceeding. The Government misconstrues Benevides argument. Benevides raised an ineffective assistance of counsel claim that challenges the voluntariness of his plea. Specifically, Benevides asserted that he would not have entered a plea had he been aware that he was forfeiting millions of dollar to which he was entitled. Such a claim is cognizable in a section 2255 proceeding. *See Hill v. Lockhart*, 474 U.S.

1

52, 59 (1985) (in the plea context, a defendant must show that "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.")

To support its position, the Government cites to *Saldana v. United States*, 273 F.App'x 842, 844 (11th Cir. 2008) and *Gonzalez v. United States*, No. 2:09-cv-786-FtM-29DNF, 2:05-cr-119FtM-29DNF, 2011 WL 5080343 (M.D. Florida October 25, 2011), *7. *Saldana* actually supports that Benevides' claim is cognizable. In *Saldana*, the Eleventh Circuit noted that while the district court failed to consider Saldana's claim that the trial court lacked jurisdiction to enter several preliminary forfeiture order, it noted that district court "did analyze Saldana's contention that he was provided ineffective assistance of counsel because his attorney failed to challenge the sufficiency of the evidence supporting the forfeiture orders" and its reasoning was broad enough to address the jurisdictional issues. *Saldona*, 273 F.App'x at 844.

*Gonzalez* is inapplicable. In *Gonzalez*, this Court held that the petitioner could not claim in a 2255 proceeding that trial and appellate counsel provided ineffective assistance by failing to challenge the forfeiture amount. Gonzalez proceeded to trial. Gonzalez, unlike Benevides, did not challenge the voluntariness of his plea based on his attorney providing inadequate advice regarding the forfeiture amount.

Benevides' claim that Attorney Greene provided ineffective assistance of counsel by advising him to stipulate to a forfeiture amount of $44 million dollars is cognizable in a section 2255 proceeding. This Court must address Benevides' claim on the merits.

2. **Benevides' claim that Attorney Greene provided ineffective assistance of counsel by advising him to stipulate to a forfeiture amount of $44 million dollars is not procedurally defaulted for failing to raise it on direct appeal.**

The Government urges this Court to find Benevides' claim is procedurally defaulted because it asserts an Eighth Amendment violation that could have been raised on direct appeal.

Again, as noted above, the Government misconstrues Benevides' claim. Benevides raised an ineffective assistance of counsel claim pursuant to the Sixth Amendment that challenges the voluntariness of his plea. Specifically, Benevides asserted that he would not have entered a plea had he been aware that he was forfeiting millions of dollar to which he was entitled. Such a claim is cognizable in a section 2255 proceeding. *See Hill*, 474 U.S. at 59. Benevides did not preserve his ineffective assistance of counsel claim for direct appeal. Even if he had, the failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a subsequent section 2255 proceeding. *Massaro v. United States*, 538 U.S. 500, 509 (2003). Benevides' ineffective assistance of counsel claim is not procedurally defaulted. This Court must address Benevides' claim on the merits.

3. **An evidentiary hearing is appropriate to address the merits of Benevides' claim that Attorney Greene provided ineffective assistance of counsel by advising him to stipulate to a forfeiture amount of $44 million dollars.**

The Government's response includes a 17-page declaration by Attorney Greene. While the declaration provides much information, there is a glaring omission. Attorney Greene never addresses whether he advised Benevides prior to entering his plea that $44 million in forfeiture was an unconstitutional amount. Attorney Greene's declaration only appears to advance the notion that he advised Benevides to agree to the forfeiture amount because it equaled the combined amount of the loans Benevides fraudulently obtained pursuant to the indictment, $44,059,565. Accordingly, Attorney Greene's deficient performance turns on whether the forfeiture amount was indeed unconstitutional.

In its response, the Government argues that the amount does not violate the Excessive Fines Clause. The Government, like Attorney Greene, relies on the fact that "the stipulated forfeiture amount of $44 million is directly proportional" to the charges pled to "based on

procuring approximately 20 different loans from various financial institutions totaling of $44 million" and, therefore, the statutory maximum fine of $1 million is inapplicable. The indictment, however, lists only nine loans that are associated with the charges. The total amount of the loans is $30,375,950. (Doc. 1 at 7-8). The argument fails at the outset. The forfeiture amount is not directly proportional to the total amount of loans.[1]

Regardless, the forfeiture amount equaling the total loan amount does not mean that the fine is constitutional as the Government and Attorney Greene suggest. To illustrate this point, Benevides provided in his memorandum the cases of *United States v. Bajakajian*, 524 U.S. 321, 327 (1998); *United States v. Beecroft*, 825 F. 3d 991 (9th Cir. 2016); *$100,348.000 in U.S. Currency*, 354 F. 3d at 1123; and *Thurman Street*, 164 F. 3d at 1198. It is again worth mentioning the *Beecroft* decision because it similarly involves large loan amounts in the fraud context:

> More specifically, in *Beecroft*, the defendant took part in a multi-million dollar residential mortgage-fraud scheme. The defendant participated extensively in the conspiracy for four years by completing loans, handling false information, and directing to whom to false the fraudulent third-party disbursements would be made. The government believed that she made in excess of $400,000 from commissions and fees generated during the scheme. The scheme involved more than 400 straw-buyer transactions and 227 properties purchase for $107 million. After a jury trial, the defendant was convicted of conspiracy to commit bank, fail,

---

[1] To the contrary, as was originally argued by Attorney Greene, the forfeiture amount is related to the Government's desire to keep the $40 million seized in the separate 2009 civil forfeiture case:

> This case is about money. But not just money that Mr. Benevides borrowed and failed to repay. This case is about the government's six-year-long effort to forfeit and keep $41 million it seized from Mr. Benevides in 2008, prior to the losses at issue. The $41 million is the driving force behind this case.

(Doc. 78 at 2). As this Court found during the sentencing proceedings, these funds were unrelated to the charged offenses. A plea agreement that is conditioned on Benevides giving up millions of unrelated funds seems suspect and unconstitutional to say the least.

and wire fraud and two subsidiary counts of wire fraud and mail fraud. At sentencing, the district court ordered a criminal monetary forfeiture order against the defendant in the sum of $107 million for the conspiracy count and additional forfeiture amounts totally $1.42 million for the remaining four counts. The district court ordered the defendant to pay restitution in the amount equal to the proven loss amount, $2,275,025. On appeal, the defendant challenged, in part, the $107 forfeiture amount. After noting the fine range of $20,000 to $1 million for the conspiracy to commit bank, [m]ail, and wire fraud conviction, the appellate court concluded that the forfeiture amount was unconstitutionally excessive because it was more than 100 times the maximum statutory fine and 5,000 times the lower-end of the Guideline range. The appellate court noted that the have rejected forfeiture orders with far less disparity.

(Section 2255 Memorandum at 16).

There is a similar disconnect in this case between the agreed to forfeiture amount of $44 million and the maximum statutory fine of no more than $1 million (with a Guidelines range beginning as low as $15,000). The total loan amounts in question actually equal $30,375,950. In a separate restitution order, Benevides was ordered to pay just over $10 million based on the actual losses to the institutions after recoupment. In terms of statistics, the agreed to forfeiture amount was more than 44 times greater than the maximum fine allowable and almost 3,000 times greater than the lower-end of the Guidelines range. Such a disproportionate forfeiture amount is not constitutionally permissible. Attorney Greene performed deficiently by advising Benevides to agree to an unconstitutional forfeiture amount. *Hardwick v. Crosby*, 320 F.3d 1127, 1182 (11th Cir. 2003) ("strategic decisions that are based on a mistaken understanding of the law, or that are based on a misunderstanding of the facts are entitled to less deference.").

Had Benevides known that the $44 million forfeiture amount was not a reasonable fine amount, he would not have entered into the plea agreement and insisted on a trial so that he could, even if he lost at trial, prevent the forfeiture of millions of his legitimately earned money. Nothing noted in the Government's response conclusively refutes Benevides' sworn to assertion

5

and supporting exhibits.[2] A factual dispute exists. This Court should permit Benevides to withdraw his plea. At the least, this Court should grant Benevides the opportunity to fully develop his claims at an evidentiary hearing.

> II. **Attorney Greene provided ineffective assistance of counsel when he advised Benevides that if he entered the plea agreement and stipulated to the forfeiture amount than he would serve a minimal prison sentence and still retain $3 million and a Lamborghini.**

Benevides relies on the argument as presented above and in his memorandum. Nothing noted in the Government's response conclusively refutes Benevides' sworn to assertion and supporting exhibits. A factual dispute exists. This Court should permit Benevides to withdraw his plea. At the least, this Court should grant Benevides the opportunity to fully develop his claims at an evidentiary hearing.

## **CONCLUSION**

Benevides is entitled to relief. This Court should permit Benevides to withdraw his plea. At the least, this Court should grant Benevides the opportunity to fully develop his claims at an evidentiary hearing.

DATED this 9th day of November, 2018.

---

[2] The Government cites the plea agreement and hearing transcripts in its response. These statements, however, do not refute Benevides' claim. At the time of the plea agreement and this Court's questioning of Benevides, Attorney Greene had advised him to stipulate to $44 million forfeiture. Attorney Green never advised Benevides that the amount was unconstitutional. Thus, the statements shed little insight into whether he would have rejected the plea agreement had he been properly advised that he was agreeing to an unconstitutional forfeiture amount. Nor do the statements shed insight into whether he would have been rational in rejecting the plea agreement as drafted.

Respectfully submitted,

/s/ Matthew R. McLain
Matthew R. McLain, Esquire
Florida Bar No. 98018
MCLAIN LAW, P.A.
2170 West State Road 434
Suite 216
Longwood, Florida 32779
(T) 407.792.3930
(F) 407.613.2757
Matthew@McLainLaw.com
*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to opposing counsel via email on this 9th day of November, 2018.

/s/ Matthew R. McLain
Matthew R. McLain, Esquire